USDC SDNY
DOCUMENT
ELECTRONICALLY FIL
DOC #:
DATE FILED: MAR 0 5 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :     INDICTMENT

    - v. -                     :     09 Cr.

IGOR YUSUPOV,                        09 CRIM 206

        Defendant.             :

                           :
- - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1. In or about October 2008, in the Southern District of New York and elsewhere, IGOR YUSUPOV, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, YUSUPOV, and others known and unknown, agreed together to rob a jeweler in Queens, New York.

### Overt Act

2. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. On or about October 21, 2008, IGOR YUSUPOV,

the defendant, in the vicinity of the Best Western Hotel on 39th Avenue in Queens, New York, robbed a jeweler at gunpoint of $600,000 worth of jewelry that the jeweler had transported from New York, New York.

(Title 18, United States Code, Section 1951.)

## COUNT TWO

The Grand Jury further charges:

3. On or about October 21, 2008, in the Southern District of New York and elsewhere, IGOR YUSUPOV, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, YUSUPOV stole approximately $600,000 worth of jewelry from a jeweler who had transported the jewelry from New York, New York to the Best Western Hotel on 39th Avenue in Queens, New York, during which robbery the jeweler was bound and held at gunpoint.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4. On or about October 21, 2008, in the Southern District of New York and elsewhere, IGOR YUSUPOV, the defendant, unlawfully, willfully, and knowingly, during and in relation to a

crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished during the robbery of a jeweler in Queens, New York.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

5.  As a result of committing one or more of the Hobbs Act robbery offenses, in violation of Title 18, United States Code, Sections 1951 and 2, alleged in Counts One and Two of this Indictment, IGOR YUSUPOV, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment, including but not limited to the proceeds obtained as a result of the offenses alleged in Counts One and Two of this Indictment.

#### Substitute Asset Provision

6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third person;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
LEV L. DASSIN  
Acting United States Attorney

===
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===

UNITED STATES OF AMERICA

- v. -

IGOR YUSUPOV,

Defendant.

===
**INDICTMENT**

09 Cr.

(18 U.S.C. §§ 924(c)(1) & 1951.)


              LEV L. DASSIN
Acting United States Attorney.

A TRUE BILL

_____
                      Foreperson.
===

Case Assigned to J. Jones

M J Forrester