UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

          -against-          09 CR 206 (BSJ)

IGOR YUSUPOV,

          Defendant.
-------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT IGOR YUSUPOV'S PRETRIAL MOTION

JAMES R. FROCCARO, JR.
7 Old Shore Road
Port Washington, NY 11050
(516) 944-5062 (phone)
(516) 944-5064 (fax)
JRFESQ61@aol.com (e-mail)

Attorney for Igor Yusupov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA,

                -against-                        09 CR 206 (BSJ)

IGOR YUSUPOV,

                Defendant.
-------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IGOR YUSUPOV'S PRETRIAL MOTION

### PRELIMINARY STATEMENT

Defendant Igor Yusupov ("Mr. Yusupov") respectfully submits this memorandum of law in support of his motion to dismiss Counts Two and Three of the Indictment in the case at bar because venue for these crimes does not lie in this district. All facts necessary to a determination of the motion are set forth in the exhibits submitted under separate cover and in the context of the statements and arguments made below.

## STATEMENT OF FACTS

Mr. Yusupov is charged in Count One of the Indictment with conspiring to rob a jeweler, Joseph Chan, in Queens, New York (Count One). He is charged in Count Two with the armed robbery of Mr. Chan in a Best Western Hotel on 39th Avenue in Queens, New York (Count Two). And, he is charged in Count Three with a 924(c) violation. The Indictment alleges in Count Three that Mr. Yusupov brandished a firearm during the actual robbery of Mr. Chan in Queens, New York that is charged in Count Two. A copy of the Indictment is attached hereto as Exhibit A.

Mr. Yusupov was initially arrested by the NYPD for this robbery on October 21, 2008 - the day that it allegedly occurred. He was indicted for armed robbery and other related crimes by the Queens County District Attorney's Office. However, on January 21, 2009, the FBI arrested Mr. Yusupov, again, for the same robbery in Queens.

ARGUMENT

The Sixth Amendment and Rule 18 of the Federal Rules of Criminal Procedure both require that a defendant be tried in the district where the crime was committed. See United States v. Ramirez, 420 F.3d 134, 138 (2d Cir. 2005); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1188 (2d Cir. 1989). When the defendant is charged in more than one count, venue must be proper with respect to each count. See Beech-Nut, 871 F.2d at 1188.

The Supreme Court has ruled that where a cause of action arose, the "*locus delicti*" of a charged offense is "determined from the nature of the crime alleged and the location of the acts constituting it." See United States v. Cabrales, 524 U.S. 1, 6-7 (1998) (quoting United States v. Anderson, 328 U.S. 699, 703 (1946). As the Second Circuit Court of Appeals explained in United States v. Saavedra, 223 F.3d 85, 88-89 (2d Cir. 2000) (emphasis supplied), "[f]or some criminal violations, the unitary character of the acts constituting the crime render its '*locus delicti*' obvious. For example, a trial for armed robbery would be

properly venued only in the district where the robbery was committed.

Moreover, in <u>United States v. Rodriguez-Moreno</u>, 526 U.S. 275 (1999), the U.S. Supreme Court held that venue in a prosecution for using and carrying a firearm in relation to a crime of violence in violation of 924(c)(1) is proper in the district where the crime of violence was committed.

In the case at bar, the crime of violence, namely, the armed robbery, including the brandishing of a firearm, allegedly occurred within the County of Queens. This is within the province of the Eastern District of New York. Since venue for Counts Two and Three of the Indictment does not properly lie within the Southern District of New York – these counts should be dismissed.

CONCLUSION

For the foregoing reasons, it is respectfully submitted that the defendant's motion should be granted.

Dated:  June 22, 2009
        Port Washington, New York

                          Respectfully submitted,

                                /JRF/

_____
JAMES R. FROCCARO, JR. (JRF- 5461)
7 Old Shore Road
Port Washington, New York 11050
(516) 944-5062 (phone)
(516) 944-5064 (fax)
JRFESQ61@aol.com (e-mail)

Attorney for Defendant Igor Yusupov