```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA       :
                               :
          -v.-                 :    09 Cr. 206 (BSJ)
                               :
IGOR YUSUPOV,                  :
                               :
               Defendant.      :
------------------------------x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PRETRIAL MOTION OF DEFENDANT IGOR YUSUPOV**

The Government respectfully submits this Memorandum of Law in opposition to defendant Igor Yusupov's motion to dismiss Counts Two and Three of Indictment for lack of venue. Yusupov's motion ignores well-established law that, prior to trial, the Government need only demonstrate that the indictment on its face alleges facts sufficient to support venue. As set forth below, Yusupov's Indictment sufficiently alleges an affect on interstate commerce within this District. Accordingly, Yusupov's motion should be denied.

## FACTUAL BACKGROUND

On March 5, 2009, a Grand Jury sitting in the Southern District of New York returned a three-count indictment charging Yusupov with (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) a substantive Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; and (3) using, carrying, and brandishing a firearm during a Hobbs Act robbery, in violation of 18 U.S.C. §924(c)(1)(A)(ii). The charges in the Indictment stem from Yusupov's October 21, 2008 arrest on the

roof of the Best Western hotel on 39th Avenue in Queens, New York. (Complaint, attached hereto as Exhibit A, ¶ 5d).

On October 20, 2008, a Hong Kong-based jeweler (the "Victim") displayed approximately $600,000 in jewelry at several locations in the vicinity of 47th Street in New York, New York (the "Diamond District"). (Complaint ¶ 5a). The Victim later returned to his hotel, Best Western, on 39th Avenue in Queens to retire for the evening. (Complaint ¶ 5b). Shortly after midnight, the Victim answered a knock on his door and observed Yusupov holding a silver handgun. (Complaint ¶ 5c). Yusupov forcibly entered the Victim's room, tied the Victim's hands together, and stole two backpacks containing approximately $600,000 in jewelry that had been displayed in the Diamond District earlier that day (the "Robbery"). (Complaint ¶ 5c). Approximately fifteen minutes after the Robbery, New York City Police Officers found Yusupov hiding on the Best Western roof in possession of the silver handgun and the two backpacks stolen from the Victim. (Complaint ¶ 5d). The Victim then identified Yusupov as the perpetrator of the Robbery. (Complaint ¶ 5e). According to a confidential informant of the Government, Yusupov carried out the Robbery at the direction of a jeweler from the Diamond District. (Complaint ¶ 6).

## ARGUMENT

## VENUE PROPERLY LIES IN THE SOUTHERN DISTRICT OF NEW YORK

Yusupov seeks to dismiss Counts Two and Three of the Indictment - the attempted Hobbs Act robbery on October 21, 2008, and the firearms count in connection with the Robbery - based on lack of venue in this District. Yusupov's motion should be denied because: (i) at this stage of the proceedings, the Court need only examine the facial sufficiency of the Indictment's charging language, which properly pleads venue; and (ii) the evidence at trial will demonstrate that interstate commerce would have been had affected in this District had Yusupov successfully made off with $600,000 worth of the Victim's jewelry. Venue therefore properly lies in this District.

### A. The Standard Governing Venue Motions

The Sixth Amendment to the Constitution provides that a defendant has the right to trial in the "district wherein the crime shall have been committed." U.S. Const., Amend. VI; *see also* Fed.R.Crim.P. 18; *United States v. Rowe*, 414 F.3d 271, 277 (2d Cir. 2005); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989). When the defendant is charged with more than one count, venue must be proper with respect to each count. *Beech-Nut*, 871 F.2d at 1188. The Government has the burden of proving *at trial* that venue is proper by a preponderance of the evidence. *United States v. Rosa*, 17 F.3d

1531, 1541-42 (2d Cir. 1994); *United States v. Stephenson*, 895 F.2d 867, 874 (2d Cir. 1990).

On a pre-trial motion to dismiss pursuant to Fed. R. Crim. P. 12(b), "a court must accept all factual allegations in the indictment as true." *United States v. Martinez*, 1995 WL 10849 at *2 (S.D.N.Y. Jan. 12, 1995) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.") (citation omitted); *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985).

Where a pre-trial motion to dismiss is based upon a challenge to venue, the Government's burden is limited to showing that the indictment on its face alleges facts sufficient to support venue. *See, e.g., United States v. Stein*, 429 F. Supp.2d 633, 643 (S.D.N.Y. 2006) ("[A]s long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied."); *United States v. Martino*, 2000 WL 1843233, at *1 (S.D.N.Y. 2000) (Casey, J.); *United States v. Long*, 697 F. Supp. 651, 655 (S.D.N.Y. 1988); *United States v. Castellano*, 610 F. Supp. 1359, 1388 (S.D.N.Y. 1985); *United States v. Valle*, 16 F.R.D. 519, 521-22 (S.D.N.Y. 1955). "Although criminal defendants have a right to be tried in a proper forum, they have no right to be charged with the proper

4

venue." *Stein*, 429 F. Supp.2d at 643. Therefore, even when the Indictment fails to specify the place the crime is committed, the Indictment should not be dismissed on venue grounds. *Stein*, 429 F. Supp.2d at 643 ("An indictment . . . is sufficient despite the absence of any statement as to the place of the crime, although a bill of particulars typically will be granted where an indictment contains no venue allegation."); *United States v. Castellano*, 610 F. Supp. At 1388. Resolution of a motion to dismiss an Indictment on venue grounds is properly deferred until the close of the Government's case, so long as venue is properly alleged in the Indictment. *See, e.g.*, *Stein*, 429 F. Supp.2d at 643-44; *United States v. Fama*, 1996 WL 438165 (S.D.N.Y. Aug. 5, 1996); *United States v. Korolkov*, 870 F. Supp. 60, 63-64 (S.D.N.Y. 1994) (where indictment alleges venue, objection to venue is fact issue properly reserved for trial); *United States v. Rogers*, 1991 WL 90797 (S.D.N.Y. May 21, 1991) (allegation that offense took place in the Southern District of New York sufficient; pretrial determination of factual basis for allegation premature); *United States v. Rodriguez*, 734 F. Supp. 116, 127-28 (S.D.N.Y. 1990) (denying motion to dismiss indictment which, if established at trial, would suffice to establish venue).

Venue may be proper in more than one district for a single crime. "[W]here the acts constituting the crime and the nature of the crime charged implicate more than one location, the

5

Constitution does not command a single exclusive venue." *United States v. Reed*, 773 F.2d 477, 480 (2d Cir. 1985); *see also United States v. Chalarca*, 95 F.3d 239, 245 (2d Cir. 1996) ("it was necessary for the government to establish only that the crime, or some part of it, occurred in the Southern District"). In fact, when the acts constituting a criminal offense take place in several districts, prosecution is proper in any district in which some part of the offense conduct occurred. *United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984).

Section 3237(a) of Title 18 expressly provides that "any offense against the United States . . . committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Put another way, "[b]ecause an offense consisted of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." *United States v. Brennan*, 183 F.3d 139, 145 (2d Cir. 1999) (quotation omitted). Accordingly, a defendant accused of a crime may be prosecuted in any district where any part of such a "continuing offense" occurred. *Chalarca*, 95 F.3d at 245; *United States v. Gonzalez*, 922 F.2d 1044, 1054 (2d Cir. 1991); *United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994); *see generally United States v. Johnson*, 323 U.S. 273, 275 (1944) (continuing offense doctrine applies "over the whole area through which force

6

propelled by an offender operates").

In a substantive Hobbs Act prosecution, "venue . . . is proper in any district where interstate commerce is affected or where the alleged acts took place." *United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990); *United States v. Reed*, 773 F.2d 477, 482 (2d Cir. 1985). In a prosecution under Section 924(c), venue is proper in any district in which the underlying crime of violence is committed. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280-82 (1999) ("[w]here venue is appropriate for the underlying crime of violence, so too is it for the Section 924(c) offense."); *see also United States v. Speed*, 272 Fed. Appx. 88 (2d Cir. 2008) (venue appropriate in the Southern District of New York where, *inter alia*, defendant carried gun through the SDNY en route to a robbery in New Jersey).

B.  **The Government Properly Pleaded Venue In The Indictment**

As an initial matter, Count Two of the Indictment plainly and clearly alleges that venue lies in this District. The Indictment alleges that "in the Southern District of New York and elsewhere, [] Yusupov . . . did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, . . . Yusupov stole approximately $600,000 worth of jewelry from a jeweler who had transported the jewelry from New York, New York to the Best Western Hotel on 39th Avenue in Queens, New York." (Indictment ¶ 3). Since venue for Hobbs Acts

7

robbery properly lies in any district where interstate commerce is affected by a robbery, *see Stephenson*, 895 F.2d at 875, Count Two's venue allegation, as a pleading matter, is sufficient. *See Stein*, 429 F. Supp.2d at 643-44; *Fama*, 1996 WL at 438165; *Korolkov*, 870 F. Supp. at 64; *Rogers*, 1991 WL at 90797; *Rodriguez*, 734 F. Supp. at 127-28. Likewise, Count Three properly pleads venue in this District by alleging that Yusupov used, carried, possessed, and brandished a firearm during a Robbery in which venue exists in this District. *United States v. Rodriguez-Moreno*, 526 U.S. at 280-82. Because the defendant's motion has raised the issue of venue, it is preserved for resolution at trial, and he is free to revisit this issue on a motion for acquittal under Federal Rule of Criminal Procedure 29. *See United States v. Kham*, 821 F.2d 90, 93 (2d Cir. 1987). Accordingly, to the extent that the defendant's motion seeks to go beyond the facts alleged in the Indictment, that motion is premature.

Even if the motion were ripe for adjudication, it would fail because the proof at trial will show that venue for Counts Two and Three appropriately lies in the Southern District of New York. This district played a central role in the substantive acts that form the basis for the charges in Counts Two and Three. Acting on a tip from a jeweler within the Diamond District, Yusupov committed a gunpoint robbery of a Victim who had been

8

attempting to sell approximately $600,000 worth of jewelry in this District. Courts have found that a robbery committed outside of this District targeting goods sold within the District satisfies the venue standard in this District. *See, e.g., United States v. Acosta et al.*, 595 F. Supp.2d 282 (S.D.N.Y. 2009).

*United States v. Acosta* is particularly instructive. In that case, the defendant argued that venue did not lie in the Southern District of New York because the robbery of which he was convicted at trial took place in Queens, within the Eastern District of New York. *Id.* at 289. Rejecting the defendant's argument, the district court held that venue existed in the Southern District of New York because the Queens robbery had an affect on interstate commerce in the Southern District. *Id.* at 289-90. Specifically, the court noted that the victim of the Queens robbery sold telephone calling cards to customers in Manhattan and the Bronx. *Id.* at 290. The district court determined that the theft of $10,000 worth of the victim's telephone calling cards was sufficient for a jury to conclude that the Queens robbery had the requisite potential affect on interstate commerce in the Southern District. *Id.*

Here, as in *Acosta*, the Government expects the trial evidence to demonstrate that: (1) the victim of Yusupov's robbery showed the stolen jewelry in Manhattan on the afternoon of the robbery; (2) the victim intended to sell the jewelry in

9

Manhattan; and (3) the successful theft of the jewelry would therefore have affected interstate commerce in the Southern District of New York. Under the standards set forth above, such evidence is more than sufficient to permit a reasonable jury to find that the Government satisfied its burden with respect to venue by a preponderance of the evidence.

## CONCLUSION

In sum, Yusupov's challenge to venue with respect to Counts Two and Three should be denied. The Indictment plainly alleges venue in this District, and the proof at trial will show, with respect to Counts Two and Three, that the Robbery would have affected interstate commerce in this District. Accordingly, the Government respectfully requests that the Court deny Yusupov's motion to dismiss Counts Two and Three of the Indictment.

Dated:  New York, New York
        July 17, 2009

                            Respectfully submitted,

                            LEV L. DASSIN
                            Acting United States Attorney
                            Southern District of New York

                        By: _____
                            Michael Q. English
                            Assistant United States Attorney
                            Tel.: (212) 637-2594

**AFFIRMATION OF SERVICE**

Michael Q. English, pursuant to 28 U.S.C. § 1746, declares:

I am an Assistant United States Attorney in Office of the United States Attorney for the Southern District of New York. On July 17, 2009, I electronically filed and served, and caused a copy of the foregoing GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PRETRIAL MOTION OF DEFENDANT IGOR YUSUPOV, on the following:

| Defendant | Counsel |
| --- | --- |
| **Igor Yusupov** | James R. Frocarro, Jr., Esq.<br>7 Old Shore Road<br>Port Washington, NY 11050 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        July 17, 2009

_____
MICHAEL Q. ENGLISH
Assistant United States Attorney
(212) 637-2594